CRONE, Judge,
dissenting.
I respectfully dissent. I believe that the trial court should have granted Roche’s summary judgment motion because the Sublease and Extension Letters are unambiguous and authorize Roche to terminate the Sublease at the time and in the manner that it did. I agree with Roche that its “right to terminate vested once Marsh failed to deliver the fully executed SNDA by April 25, 2008” and that, pursuant to the Extension Letters, it could still exercise that right at any point “on or before” the revised deadlines of May 15 and May 30, 2008, respectively; “[t]he only change was that Marsh could cure its prior failure if it delivered the executed SNDA prior to termination.” Appellant’s Br. at 21. This is the only interpretation of the Extension Letters that does not nullify Roche’s bargained-for right to terminate the Sublease after April 25 and does not render the phrase “on or before” meaningless. Roche’s termination of the Sublease became effective before Marsh delivered the SNDA; therefore, Roche was not in default and its damages should be limited to December 31, 2013, pursuant to Section 1.03 of the Sublease.